UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| GLENN VERSER (N-72074), | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 10 C 7451 |
| v. | ) | |
| | ) | Hon. Elaine E. Bucklo |
| LESLIE TURNER, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Glenn Verser, an inmate at the Stateville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Correctional Officers Leslie Turner and Cleo Johnson violated his right to due process and Lieutenant Makowski ignored his complaints regarding the conditions of his confinement in segregation. Plaintiff also raises a retaliation claim. Presently before the Court is Defendants' motion to dismiss the complaint for failure to state a claim. For the reasons stated in this order, the motion is granted in part and denied part.

It is well established that *pro se* complaints are liberally construed. *Kaba v. Stepp*, 458 F.3d 678, 681, 687 (7th Cir. 2006). *Pro se* submissions are held to a less stringent standard than formal pleadings drafted by lawyers. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff must only state his basic legal claim

and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). While a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted).

In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court assumes all factual allegations in the complaint to be true, viewing all facts–as well as any inferences reasonably drawn therefrom–in the light most favorable to the plaintiff. *Bell Atlantic Corp.,* 550 U.S. at 563 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002))*; Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010). A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp.*, 550 U.S. at 556. Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp.*, 550 U.S. at 555.

I.

The plaintiff alleges the following facts, which will be assumed true for purposes of the motion to dismiss:

On November 23, 2008, a nurse at Stateville submitted an Institutional Disciplinary Report (IDR) against Plaintiff alleging that he had given her an inappropriate letter (based on the content of the letter). On November 28, 2008, the IDR was submitted to the Adjustment Committee, where Cleo Johnson maliciously requested that the Internal Affairs Department upgrade the simple charge to include more serious charges of insolence and sexual misconduct. On December 1,

2008, Leslie Turner of Internal Affairs falsely created the unsubstantiated charges based on Johnson's malicious request. Turner created these false charges in retaliation of Plaintiff earlier threatening to sue Turner following a previous cell and strip search and drug test of Plaintiff.

On December 9, 2008, Plaintiff received a hearing wherein he asserted that the hearing violated departmental rules and his right to due process because it was conducted after the fourteen day deadline. Raymond Miller, the chair-person of the adjustment committee, found Plaintiff guilty of the false charges, concluding that a re-created IDR was reliable. Miller improperly relied, in part, on Turner's analysis of the handwriting in reaching his decision. Plaintiff was sentenced to 6 months in segregation, with a 3 month revocation of good conduct credits, and a 6 month C-grade demotion. On December 30, 2008, Warden McCann approved the finding of guilty.

Plaintiff was placed in segregation in an extremely cold cell that also had a toilet that did not function. Plaintiff informed Lieutenant Makowski of the conditions in his segregation cell but Makowski just ignored his complaints.

The charges against Plaintiff were reversed and expunged on January 23, 2009. Plaintiff has subsequently been denied a transfer to a medium security prison and meritorious good time credits in retaliation for him filing the grievance that resulted in the reversal and expungement of the previous false charges.

II.

Defendants argue that Plaintiff's due process allegations fail to state a claim. Plaintiff first argues that his due process rights were violated because his hearing was not held within 14 days of the incident as required by the Illinois Administrative Code. However, the allegation that the

3

administrative regulation was violated because he did not receive a hearing within 14 days of the offense does not constitute a violation of his right to due process because procedures set forth in administrative regulations do not create substantive liberty interests; therefore, the procedural protections of due process do not attach. Violations of administrative regulations do not give rise to constitutional claims pursuant to Section 1983. *See Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006) (violation of department procedure or state law is immaterial to whether actions violated federal constitutional right); *Stringer v. Lane*, No. 89 C 7030, 1992 WL 59101, at *8 (N.D. Ill. March 16, 1992) (Alesia, J.) (violation of department rule requiring hearing on disciplinary charge within eight days is not actionable under Section 1983).

Plaintiff also argues that his due process rights were violated because the finding of guilty was based on false charges, at Johnson's malicious request, and he subsequently was placed in segregation that consisted of atypical conditions.

Procedural protections of the Due Process Clause are only triggered if state action implicates a constitutionally protected interest in life, liberty, or property. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 570-71 (1972). Placement in disciplinary segregation does not implicate a liberty interest unless it poses an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484-86 (1995); *Townsend v. Fuchs*, 522 F.3d 765, 771 (7th Cir. 2008).

Here, Plaintiff specifically pleads that his placement in disciplinary segregation was an atypical and significant hardship. However, courts in this district have consistently held that confinement in disciplinary segregation in an Illinois prison, including Stateville, under conditions prescribed by the Illinois Department of Corrections regulations, do not constitute an atypical and

4

significant deprivation in relation to ordinary prison life. *See, e.g., Lekas*, 405 F.3d at 610; *Thomas v. Ramos*, 71 F.3d 754, 761-62 (7th Cir. 1997); *Davis v. Babish*, 06 C 4638, 2007 WL 2088798, at * 3 (N.D. Ill. July 20, 2007 (Kendall, J.); *Birch v. Jones*, 02 C 2094, 2003 WL 21210107, at * 5 (N.D. Ill. May 21, 2003) (Manning, J.).

Moreover, Plaintiff specifically alleges that the Administrative Review Board eventually expunged the disciplinary report. "There is no denial of due process if the error the inmate complains of is corrected in the administrative appeal process." *Morissette v. Peters*, 45 F.3d 1119, 1122 (7th Cir. 1995) (citing *Harper v. Lee*, 938 F.2d 104, 105 (8th Cir. 1991); *see also Birch*, 2003 WL 21210107, at * 4 (no due process violation with respect to claim related to expunged disciplinary conviction).

Thus, Plaintiff has failed to state a due process claim upon which relief may be granted.

Defendants argue that Plaintiff's retaliation claims should be dismissed because he cannot establish a claim for First Amendment retaliation.

To prevail on a claim of retaliation under the First Amendment, a plaintiff must establish that: (1) he engaged in a protected activity; (2) he suffered a deprivation likely to prevent future protected activities; and (3) there was a causal connection between the two. *See Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010); *see also Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Here, Plaintiff has sufficiently pled a retaliation claim against Defendant Turner.

Plaintiff's complaint can be read to allege two instance of alleged retaliation. First, Plaintiff alleges that Turner created false charges in retaliation of Plaintiff earlier threatening to

5

sue Turner following a previous cell and strip search and drug test of Plaintiff. These allegations sufficiently state a claim for retaliation against Turner.

Plaintiff also alleges that he has been denied meritorious good time credits in retaliation for filing the grievance that resulted in the reversal and expungement of the previous false charges. It is well settled that inmates have a First Amendment right to use the prison grievance system. *See Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005); *Johnson v. Barczak*, 338 F.3d 771, 772 (7th Cir. 2003). It is equally well established that an act taken against an inmate in retaliation for his exercise of his First Amendment rights may form the basis of a civil rights suit, even if the same act, when taken for a different reason, would be otherwise permissible. *See, e.g.*, *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000); *Bridges*, 557 F.3d at 541; *Stanley v. Litscher*, 213 F.3d 340, 343 (7th Cir. 2000). However, Plaintiff does not indicate who has denied him the meritorious good time credits in retaliation for his previous grievance and expungement, and, based on the limited allegations regarding this claim, it cannot be reasonably construed that any of the named-Defendants are responsible for the denial of meritorious good time credits. Thus, Plaintiff has not stated a retaliation claim as to these allegations against a named-Defendant. Accordingly, this retaliation claim is dismissed without prejudice.

Lastly, Plaintiff alleges that Lieutenant Makowski ignored his complaints about his living conditions while he was in segregation. Plaintiff alleges that his cell was extremely cold and it did not have a functioning toilet. Defendants argue that the allegations fail to rise to a constitutional violation. However, construing the allegations in Plaintiff's favor, the claim sufficiently pleads a constitutional violation. Whether the actual conditions rose to a constitutional violation is a factual determination not properly made at this point in the proceedings.

**CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss [23] is granted in part and denied in part. Plaintiff may proceed on his retaliation claim against Defendant Turner and his Eighth Amendment conditions-of-confinement claim against Defendant Makowski. Plaintiff's due process claim against Defendants Turner and Johnson is dismissed with prejudice for failure to state a claim upon which relief may be granted. The Clerk is directed to dismiss Defendants Turner and Johnson. Plaintiff's retaliation claim regarding his good time credits is dismissed without prejudice. The remaining Defendants' responsive pleadings are to be filed within 14 days of this order.

Dated: ____7/7/11_____                  _____
                                                  Elaine E. Bucklo
                                                  United States District Court Judge