# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GLENN VERSER (N-72074), ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | No. 10 C 7451 |
| ) | |
| ) | Hon. Elaine E. Bucklo |
| LESLIE TURNER, et al., ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, an inmate at the Menard Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendant Leslie Turner retaliated against Plaintiff by fabricating a false disciplinary report that resulted in Plaintiff being placed in segregation. Plaintiff further alleges that Defendant Randy Malkowski subjected him to cruel and unusual punishment while housed in segregation. This matter is before the court for ruling on Defendants' motion for summary judgment. For the reasons stated below, the motion is denied.

## STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Vision Church v. Village of Long Grove*, 468 F.3d 975, 988 (7th Cir. 2006). In determining whether factual issues exist, the Court must view all the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Weber v. Universities Research Assoc., Inc.*, 621 F.3d 589, 592 (7th Cir. 2010). The court does not "judge the credibility of the witnesses, evaluate the weight of the evidence, or determine the truth of the matter. The only question is whether there is a genuine issue of fact."

*Gonzalez v. City of Elgin*, 578 F.3d 526, 529 (7th Cir. 2009) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 249-50 (1986)).

However, Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Sarver v. Experian Information Solutions*, 390 F.3d 969, 970 (7th Cir. 2004) (citations omitted). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Egonmwan v. Cook County Sheriff's Dept.*, 602 F.3d 845, 849 (7th Cir. 2010), quoting *Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 640-41 (7th Cir. 2008).

"[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Lorillard Tobacco Co., Inc. v. A & E Oil, Inc.*, 503 F.3d 588, 594–595 (7th Cir. 2007), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986) (internal citations omitted). The inquiry is essentially "whether the evidence presents a sufficient disagreement to require submission to the jury, or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

## **LOCAL RULE 56.1 (N.D. ILL.)**

Defendants filed a statement of uncontested material facts pursuant to Local Rule 56.1 (N.D. Ill.). Together with their motion for summary judgment, Defendants included a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" [document no. 42], as required by circuit

precedent. That notice clearly explained the requirements of the Local Rules and warned Plaintiff that a party's failure to controvert the facts as set forth in the moving party's statement results in those facts being deemed admitted. *See, e.g., Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003).

Local Rule 56.1(b) requires a party opposing a motion for summary judgment to file:

> (3) a concise response to the movant's statement that shall contain
>
> (A) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and
>
> (B) a statement, consisting of short numbered paragraphs, of any additional facts that require denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon.

L.R. 56.1(b).

The district court may rigorously enforce compliance with Local Rule 56.1. *See, e.g., Stevo v. Frasor*, 662 F.3d 880, 886-87 (7th Cir. 2011) ("Because of the high volume of summary judgment motions and the benefits of clear presentation of relevant evidence and law, we have repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings") (citing *Ammons v. Aramark Uniform Serv., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004). Although *pro se* plaintiffs are entitled to lenient standards, compliance with procedural rules is required. *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006); *see also Koszola v. Bd. of Educ. of the City of Chicago*, 385 F.3d 1104, 1108 (7th Cir. 2004). "We have . . . repeatedly held that a district court is entitled to expect strict compliance with Rule 56.1." *Cichon v. Exelon Generation Co.*, 401 F.3d 803, 809 (7th Cir. 2005).

Despite the admonitions stated above, Plaintiff failed to file a proper response to Defendants' statement of uncontested facts. Plaintiff disagrees with certain statements of fact; however, he does

3

not cite to evidence to support several of the counter-factual propositions he asserts. A motion for summary judgment "requires the responding party to come forward with the evidence that it has – it is the 'put up or shut up' moment in a lawsuit." *Eberts v. Goderstad* 569 F.3d 757, 767 (7th Cir. 2009) (citations omitted). Plaintiff's conclusory assertions must be disregarded without evidence to support them.

Because Plaintiff is proceeding *pro se*, the Court will grant him some leeway and consider the factual assertions he makes in his summary judgment materials. However, the Court will entertain Plaintiff's factual statements only to the extent that he could properly testify about the matters asserted. Among other things, a witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Fed. R. Evid. 602.

Given the considerations stated above, the Court views Defendants' Rule 56.1 statements supported by the record and not properly rebutted by Plaintiff to be true and uncontested. The Court notes that most of Defendants' proposed factual statements constitute argument as they ignore Plaintiff's deposition testimony. For example, most of the proposed statements of fact claim that "Plaintiff believes, but has no evidence other than his belief . . ." However, Plaintiff's deposition testimony supports Plaintiff's allegations ("his belief") and he may testify consistent with that deposition testimony at trial. Considering Defendants' state of facts and Plaintiff's deposition, the Court turns to the facts of this case.

## **FACTS**

Plaintiff was an inmate incarcerated at Stateville Correctional Center at all times relevant to this action. (Defs.' 56.1(a)(3) Statement ¶ 1.) Defendant Leslie Turner was a correctional officer

4

with Internal Affairs at Stateville. (*Id.*, ¶ 2.) Defendant Randy Malkowski was a correctional lieutenant at Stateville. (*Id.*, ¶ 3.)

On November 23, 2008, Plaintiff received a handwritten Offender Disciplinary Report charging him with a "404-Violation of Rules." (Defs.' 56.1(a)(3) Statement ¶ 7.) Shortly thereafter, a hearing before the Adjustment Committee was held. (*Id.*, ¶ 9.) During the hearing, the Chairperson of the Adjustment Committee relied on Turner's handwriting analysis in investigating the disciplinary report. (*Id.*) The Adjustment Committee found Plaintiff guilty of the charges of insolence and sexual misconduct. (*Id.*, ¶¶ 8, 10.) Plaintiff was placed in segregation in cell F215 from December 10, 2008, to December 18, 2008, and cell F238 from December 18, 2008, to December 29, 2008. (*Id.*, ¶ 10.)

Prior to the above incident, Plaintiff filed a lawsuit in 2001 regrading his television being confiscated. (Defs.' 56.1(a)(3) Statement ¶ 11.) The 2001 lawsuit was settled in 2002. (*Id.*, ¶ 12.) At some point, Plaintiff was transferred from Stateville and returned in the latter part of 2007. (*Id.*, ¶ 13.) Plaintiff believes that upon his return, Turner mentioned the 2001 litigation to Plaintiff. (*Id.*) Turner was not a party to the 2001 lawsuit. (*Id.*, ¶ 14.) Plaintiff has never named Turner in a lawsuit other than the present suit. (*Id.*, ¶ 15.)

The parties dispute the remaining proposed factual statements which concern Defendant Turner's knowledge of Plaintiff's 2001 lawsuit, the facts related to the re-writing of the disciplinary report and how Defendant Turner became involved as a handwriting expert, and Defendant Malkowski's knowledge of Plaintiff's living conditions in segregation. Plaintiff cites to his affidavit and/or deposition testimony in support of his denials of the proposed factual statements. A review of the deposition testimony supports Plaintiff's denials.

5

# ANALYSIS

Defendant Turner argues that Plaintiff has failed to demonstrate that he retaliated against Plaintiff and Defendant Malkowski contends that the record supports summary judgment in his favor on Plaintiff's conditions claim.

To prevail on a claim of retaliation under the First Amendment, a plaintiff must establish that: (1) he engaged in a protected activity; (2) he suffered a deprivation likely to prevent future protected activities; and (3) there was a causal connection between the two. *See Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010); *see also Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). It is well established that an act taken against an inmate in retaliation for his exercise of his First Amendment rights may form the basis of a civil rights suit, even if the same act, when taken for a different reason, would be otherwise permissible. *See, e.g.*, *Stanley v. Litscher*, 213 F.3d 340, 343 (7th Cir. 2000); *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000); *Bridges*, 557 F.3d at 541.

Here, Plaintiff engaged in protected activity of filing a lawsuit in 2001. *See Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005). In addition, his conviction of serious offenses based on the alleged false, rewritten disciplinary report that resulted in his placement in segregation under harsh conditions constitute a deprivation likely to prevent him from future protected activities

To establish a causal connection, the plaintiff bears the burden of demonstrating that but-for the protected conduct of the plaintiff, the defendant would not have taken the adverse action. *See Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167; 129 S.Ct. 2343, 2351 (2009); *Fairley v. Andrews*, 578 F.3d 518, 525-26 (7th Cir. 2009).

Defendant Turner argues that Plaintiff has not demonstrated a causal connection between Plaintiff filing suit in 2001 and the disciplinary report seven years later, especially since Defendant

Turner was not a party in the 2001 lawsuit and Plaintiff was not housed at Stateville for most of the time between the lawsuit and disciplinary report that Plaintiff received after returning to Stateville. While these facts weaken Plaintiff's retaliation claim, they fail to take into consideration Plaintiff's deposition testimony that once he returned to Stateville in late 2007, Defendant Turner specifically told Plaintiff that he recalled the 2001 lawsuit. In addition, Plaintiff testified that the disciplinary report was rewritten without explanation and that Defendant Turner acted as a handwriting expert in the disciplinary proceedings even though he is not such an expert. Defendant Tuner does not address this testimony and it remains unknown why the disciplinary report was rewritten, who rewrote the disciplinary report, why the charges were upgraded, and how it came to be that Defendant Turner acted as the handwriting expert for the rewritten disciplinary report. Plaintiff's deposition testimony and the remaining questions regarding the rewritten disciplinary constitute genuine issues of material fact as to whether a causal connection exists between Plaintiff's previous lawsuit and the enhanced disciplinary report that resulted in Plaintiff's placement in segregation.

To prevail on an Eighth Amendment claim, a plaintiff must demonstrate that prison officials deliberately ignored conditions of confinement that failed to meet contemporary requirements of minimal decency. *See Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008); *Delaney v. DeTella*, 265 F.3d 679, 683 (7th Cir. 2001). Minimal decency requires the prison to provide reasonably adequate sanitation and protection from the cold. *See Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006); *Dixon v. Godinez*, 114 F.3d 640, 643 (7th Cir. 1997).

As to Plaintiff's conditions of confinement claim, Defendant Malkowski argues that had Plaintiff informed him that his two cells were extremely cold due to broken windows and that his

7

toilet did not flush in Cell 538, he would, "in the normal course of [his] duties," have submitted work orders to have the windows and toilet repaired and no such work orders exist. In addition, Defendant Malkowski argues that broken windows are not allowed because they would pose a security threat. Therefore, Defendant Malkowski argues, Plaintiff has not established that he was housed under the alleged conditions. Defendant Malkowski's argument ignores Plaintiff's deposition testimony that he informed Malkowski of the broken windows in both cells and that he informed Malkowski about the non-functioning toilet and that Malkowski failed to have the situation corrected. While it might "seem unlikely" (in Defendant's opinion) that broken windows would remain unrepaired and an individual would not be able to stay in a cell without a functioning toilet for 12 days, making such a finding in Defendant's favor is contrary to viewing all the evidence and drawing all reasonable inferences in the light most favorable to the non-moving party. Thus, Plaintiff has demonstrated that genuine issues of material fact as to whether Defendant Malkowski ignored Plaintiff's complaints about the conditions of his confinement and whether those conditions amounted to a constitutional violation.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment [80] is denied.

Dated: 4/2/12                   _____
                                Elaine E. Bucklo
                                United States District Court Judge